IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. RIDDLE, | ) | 8:05CV87 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| vs. | ) | |
| | ) | |
| WACHOVIA SECURITIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Now before me are Michael J. Riddle's (Riddle's) "Motion to Vacate and to Stay Proceedings in the Matter of the Arbitration between Michael J. Riddle and Wachovia Securities, LLC, No. 03-07914," (filing 7); Wachovia Securities, LLC's (Wachovia's) motion to dismiss the complaint (filing 15); Wachovia's "Motion to Strike Plaintiff's Motion to Vacate," (filing 17); Riddle's "Amended Motion to Vacate and to Stay Proceedings in the Matter of the Arbitration between Michael J. Riddle and Wachovia Securities, LLC, No. 03-07914," (filing 19), and Riddle's "Motion for Leave to File Transcript and Defer Ruling on Plaintiff's Amended Motion Until It Has Been Fully Submitted," (filing 21). After due consideration, I find as follows.

### I.  BACKGROUND

On February 23, 2005, Riddle filed a complaint against Wachovia and NASD Dispute Resolution, Inc. (NASD).[1]  (See Compl., filing 1.)  In brief, the complaint alleges that on May 19, 2000, Riddle began working for First Union Securities, Inc.

---

[1]The complaint indicates that NASD is an abbreviation for "National Association of Securities Dealers."  (See Compl., filing 1, ¶ 3.)

(First Union) as the head of a "Profit Formula" office in Omaha; that First Union extended a personal loan to Riddle in the amount of $500,112 "for working capital and to defray his personal expenses"; that this loan was to be forgiven over the course of five years, provided that Riddle remained associated with First Union; that on June 15, 2002, Wachovia merged into First Union, and the surviving corporation assumed the Wachovia name; that on August 20, 2002, Wachovia warned Riddle that he might face termination if he failed to meet specific production goals; that these production goals differed from the terms of the loan agreement and Riddle's compensation agreement; that on October 4, 2002, Riddle resigned from his position at Wachovia; that Wachovia, seeking repayment of the loan and other damages, submitted claims against Riddle to NASD for arbitration; that on December 6, 2004, the arbitrators awarded approximately $700,000 in compensatory damages, interest, fees, and costs to Wachovia; and that on February 5, 2005, NASD advised Riddle that he would be suspended from associating with any NASD firm due to his failure to comply with the arbitration award. (See generally id.) The complaint also includes demands for an order vacating the arbitration award and an injunction prohibiting "NASD from preventing the Plaintiff [from] associat[ing] with NASD firms or . . . otherwise impair[ing] his livelihood." (See id. at 5).

On February 28, 2005, Riddle filed a motion for a preliminary injunction against NASD. (See filing 5.) Shortly thereafter, however, Riddle moved to dismiss NASD from this action. (See filing 11.) This motion was granted (see filing 12), and the motion for a preliminary injunction was denied as moot (see filings 13, 14).

On March 1, 2005, Riddle filed a "Motion to Vacate and to Stay Proceedings in the Matter of the Arbitration between Michael J. Riddle and Wachovia Securities, LLC, No. 03-07914." (Filing 7.) In this motion, Riddle recited allegations similar to those set forth in the complaint and requested orders vacating the arbitration award and "staying all proceedings to enforce the award" while the motion was pending. (Id.) On March 25, Wachovia responded by filing a motion to dismiss the complaint

(see filing 15) and a motion to strike Riddle's motion to vacate (see filing 17). Wachovia's motions prompted Riddle to file an "Amended Motion to Vacate and to Stay Proceedings in the Matter of the Arbitration between Michael J. Riddle and Wachovia Securities, LLC, No. 03-07914," (filing 19), which is accompanied by a brief that purports to support the amended motion and, simultaneously, serve as a response to Wachovia's motions to dismiss the complaint and to strike the "original" motion to vacate (see filing 20). Riddle also filed a "Motion for Leave to File Transcript and Defer Ruling on Plaintiff's Amended Motion Until It Has Been Fully Submitted." (Filing 21.) Wachovia then submitted a reply in support of its motions to dismiss and to strike (see filing 26), and filed a "Brief in Opposition to Riddle's Amended Motion to Vacate and . . . Motion to File Transcript and Defer Ruling," (filing 27). In this memorandum I shall resolve the issues presented in these various motions and briefs, to the extent that they are ripe for resolving.

## II. ANALYSIS

### A. Wachovia's Motion to Dismiss the Complaint

Riddle erred by filing a complaint to initiate this action. A party seeking the vacation of an arbitration award must proceed by filing a motion. See ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc., 173 F.3d 493, 496 n.1 (4th Cir. 1999); O.R. Securities, Inc. v. Professional Planning Associates, Inc., 857 F.2d 742, 745-46 (11th Cir. 1988); Kruse v. Sands Bros. & Co., Ltd., 226 F. Supp. 2d 484, 485-87 (S.D.N.Y. 2002); Interior Finish Contractors Ass'n of Delaware Valley v. Drywall Finishers Local Union No. 1955, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985). See also Fed. R. Civ. P. 81(a)(3) ("In proceedings under Title 9, U.S.C., relating to arbitration, . . . these rules apply only to the extent that matters of procedure are not provided for in those statutes."); 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). However, I note that within one

week of the filing of his complaint–and prior to any response from the "defendants"–Riddle filed a "Motion to Vacate and to Stay Proceedings in the Matter of the Arbitration between Michael J. Riddle and Wachovia Securities, LLC, No. 03-07914." (Filing 7.)

Wachovia argues that Riddle's complaint must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). (See generally filings 15, 16.) However, in view of Riddle's prompt filing of a motion to vacate, I shall forgive his erroneous decision to initiate this action with a complaint. I note that such leniency is not unprecedented when this sort of "improper" complaint has been filed, particularly when there has been no prejudice to the opposing party. See ANR Coal Co., Inc. v. Cogentrix of North Carolina, Inc., 173 F.3d 493, 496 n.1 (4th Cir. 1999) (holding that the erroneous filing of a complaint does not forfeit a party's right to judicial review of an arbitration award absent a showing of prejudice); O.R. Securities, Inc. v. Professional Planning Associates, Inc., 857 F.2d 742, 746 (11th Cir. 1988) (holding that the merits of a party's request to vacate an award were properly considered, despite their presentation in a complaint, where the issue had been adequately briefed and the court recognized the "true nature" of the motion). Wachovia has not argued that it has suffered prejudice, and I see no indication that Riddle's complaint was filed in an attempt to circumvent the FAA. Therefore, Wachovia's motion to dismiss the complaint will be denied as moot. I emphasize, however, that Wachovia is not required to answer the complaint. This case shall proceed in accordance with the "policy of expedited judicial action expressed in [the FAA]," and shall not expand into "full scale litigation." O.R. Securities, Inc., 857 F.2d at 745-46. In other words, it shall proceed as if it had been initiated by motion.

### B. Wachovia's Motion to Strike Riddle's Motion to Vacate

Wachovia argues that Riddle's motion to vacate (filing 7) must be stricken because it "wholly fails to plead any subject matter jurisdiction," (filing 18 at 2), and

fails to comply with the local rules of this court (see id. at 3-5). In response, Riddle submits that Wachovia's motion to strike is moot because an amended motion to vacate has been filed. (See filing 20 at 6.)

It is axiomatic that Riddle's amended motion to vacate cannot supplant the original motion to vacate (and thereby render moot Wachovia's motion to strike) unless amendments to such motions are permitted. Although the Eighth Circuit has not yet considered this issue, the Eleventh Circuit has held that motions to vacate arbitration awards may be amended in accordance with Federal Rule of Civil Procedure 15. See Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1382 (11th Cir. 1988).[2] This holding is supported by two principal points. First, the court noted that since the FAA "contains no provisions governing amendments to timely motions [to vacate], the Federal Rules of Civil Procedure apply to this issue." Bonar, 835 F.2d at 1382. See also Fed. R. Civ. P. 81(a)(3) (stating that the Federal Rules of Civil Procedure apply in proceedings under the FAA "to the extent that matters of procedure are not provided for" therein). Second, the court explained that although Rule 15 concerns "pleadings" as opposed to "motions," see Fed. R. Civ. P. 7(a)-(b) (distinguishing pleadings from motions), a motion to vacate an arbitration award is analogous to a "pleading":

> Proceedings to vacate . . . an arbitration award are instituted by the filing of a motion in the district court, see 9 U.S.C. §§ 9, 12, just as a normal civil action is commenced by filing a complaint in the district court, see Fed. R. Civ. P. 3. Thus, although technically called a "motion," the papers filed by a party seeking to . . . vacate an arbitration award function as the initial pleadings in post-arbitration proceedings in the district court. Consequently, Rule 15, which governs amended and

---

[2]Cf. Int'l Chemical Workers Union v. Mobay Chemical Corp., 755 F.2d 1107, 1110 (4th Cir. 1985) (holding that, pursuant to Rule 15(c), an amended complaint seeking modification of arbitration award related back to the date of the original complaint).

5

>supplemental pleadings in a civil action, should also apply to amended motions to vacate arbitration awards.

Bonar, 835 F.2d at 1382.  I find the Eleventh Circuit's reasoning to be quite sound.  Therefore, if Riddle's amended motion to vacate was filed in accordance with Rule 15, it follows that the amendment was proper and Wachovia's motion to strike the original motion to vacate is moot.

Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  Here the motion to vacate has been amended only once.  Thus, if the amended motion was filed before a "responsive pleading" was served, it would seem that Riddle amended his motion to vacate in accordance with Rule 15 (as that rule is applied to amended motions to vacate arbitration awards).[3]

During the interval between the filing of the original motion to vacate and the amended motion to vacate, Wachovia filed a motion to dismiss the complaint (see filing 15) and a motion to strike the original motion to vacate (see filing 17).  Riddle argues that neither of these motions amounts to a "responsive pleading," (see filing 20 at 3 (citing, inter alia, Hill v. City of Indianapolis, 17 F.3d 1016, 1018 (7th Cir. 1994)); id. at 6 (citing Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1382 (11th Cir. 1988))), and Wachovia has not disputed this point.  Therefore, I find that Wachovia has filed no "responsive pleading," and Riddle was free to amend his

---

[3]In the interest of thoroughness, I note that pursuant to Rule 15(c)(2), an amended pleading "relates back" to the date of the original pleading when "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  In this case, there is no doubt that this condition has been satisfied.  (Compare Compl., filing 1, and Mot. to Vacate, filing 7, with Am. Motion to Vacate, filing 19.)  Therefore, the amended motion to vacate will relate back to the date of the original pleading if the amended motion was filed before a "responsive pleading" was served.

6

motion to vacate without first seeking leave.  See Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1382 (11th Cir. 1988).

In opposition to Riddle's argument that his amended motion to vacate the arbitration award renders moot Wachovia's motion to strike the original motion to vacate, Wachovia argues only that the amended motion does not cure the "improper" and "defective" complaint. (Filing 26 at 7; see also filing 27 at 2.)  Wachovia claims, "Since Riddle's Complaint should be dismissed, the entire case and all subsequent motions should also be dismissed ab initio." (Filing 26 at 7.)  However, I am not persuaded that the "improper" complaint has indelibly tainted this entire action, such that "all subsequent motions," including the amended motion to vacate, are susceptible to Wachovia's motion to dismiss the complaint.  On the contrary, I have excused Riddle's error in filing a complaint and determined that Wachovia's motion to dismiss the complaint is moot.  (See supra Part II.A.)  Accordingly, I reject Wachovia's argument.

Riddle has amended his motion to vacate in accordance with Federal Rule of Civil Procedure 15, as that rule is applied in cases proceeding under the FAA.  See Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1382 (11th Cir. 1988).  As the motion to vacate has been replaced by the amended motion, Wachovia's motion to strike the original motion to vacate shall be denied as moot.

## C.   Riddle's Amended Motion to Vacate and Motion for Leave to File Transcript and Defer Ruling Until the Motion to Vacate is Fully Submitted

Riddle's amended motion to vacate the arbitration award (filing 19) is now, in essence, the operative "pleading" in this case.  Riddle has filed a brief in support of this motion, but he states that "it is impossible to fully comply with Rule 7.1 of this Court's local rules for the reason that the transcript of the arbitration proceedings is not yet complete." (Filing 20 at 7.)  As a result, he has moved for leave to submit a

7

new brief after the transcript has been assembled.  (See filing 21.)

Wachovia, too, has represented that the absence of the record of the arbitration proceeding makes it "impossible for Wachovia to file a meaningful response" to the amended motion to vacate. (Filing 27 at 2.)  In response to Riddle's motion for leave, Wachovia states that it "would not oppose the filing of a transcript prepared by an independent certified court reporter," but that it objects to Riddle's motion to the extent that he seeks to file a transcript that has been prepared by Riddle himself. (Id.; see also filing 23, Zabin Aff. ¶ 3 (indicating that the audio tapes of the arbitration proceedings have been transcribed by someone in Mr. Zabin's office).)  Wachovia's objection is well-taken.  I find that Riddle's motion for leave should be granted, but the transcript must be prepared by an "independent" transcriber.

IT IS ORDERED that:

1. Riddle's "Motion to Vacate and to Stay Proceedings in the Matter of the Arbitration Between Michael J. Riddle and Wachovia Securities, LLC, No. 03-07914," (filing 7) is denied as moot;

2. Wachovia's "Motion to Dismiss Plaintiff's Complaint," (filing 15) is denied as moot;

3. Wachovia's "Motion to Strike Plaintiff's Motion to Vacate," (filing 17) is denied as moot;

4. Riddle's "Motion for Leave to File Transcript and Defer Ruling on Plaintiff's Amended Motion Until It Has Been Fully Submitted," (filing 21) is granted to this extent:

    a.    Riddle is granted leave to submit a transcript of the arbitration proceedings that has been prepared and certified by an independent transcriber; and

    b.    After this transcript has been submitted, the parties will be permitted to file briefs, evidence, and indices of evidence in support of their positions with respect to Riddle's "Amended Motion to Vacate and to Stay Proceedings in the Matter of the Arbitration Between Michael J. Riddle and Wachovia Securities, LLC, No. 03-07914," (filing 19), as follows:

        i.    Riddle's brief and evidence index shall be filed and served within 20 days after the transcript is filed;

        ii.    Wachovia's shall have 20 days thereafter to respond; and

        iii.    Riddle may reply within 10 days thereafter.

DATED this 29th day of June, 2005.

                        BY THE COURT:

                        s/ *Richard G. Kopf*
                        United States District Judge