IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL J. RIDDLE, | ) | 8:05CV87 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| WACHOVIA SECURITIES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

On December 12, 2005, the court entered judgment dismissing this action with prejudice after denying Plaintiff's amended motion to vacate an arbitration award. On December 20, 2005, Defendant filed a motion to alter or amend the judgment to provide that the arbitration award is confirmed and that Plaintiff owes Defendant $703,244 plus interest.[1] Defendant's motion, filed pursuant to Federal Rule of Civil Procedure 59(e) and 9 U.S.C. § 9, will be denied.

Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or of presenting newly discovered evidence, and district courts enjoy broad discretion in ruling on such motions. See Capitol Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004). Arguments and evidence which could, and should, have been raised or presented at an earlier time in the proceedings cannot be presented in a Rule 59(e) motion. Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003).

---

[1] Plaintiff's only response to the motion has been to file an "opposition" that objects to the motion and generally refers the court to Plaintiff's earlier briefs. This filing violates our local rules and will be ordered stricken. See NECivR 7.1(b)(1)(A).

Section 9 of the Federal Arbitration Act provides that if contracting parties agree to binding arbitration, if their agreement is within the reach of the FAA, and if they "have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration," then a federal court asked to confirm the award "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." Dow Corning Corp. v. Safety National Cas. Corp., 335 F.3d 742, 745 (8th Cir. 2003) (quoting 9 U.S.C. § 9). "[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified [in the agreement] for an order confirming the award," or "[i]f no court is specified in the agreement of the parties, then the application may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

Section 6 of the Act specifies that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. See also Fed. R. Civ. P. 7(b)(1) ("An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.").

Defendant candidly admits that it did not file a motion seeking confirmation of the arbitration award at any time prior to the court's dismissal of the action, but argues that the judgment should be opened and modified because Defendant actively opposed Plaintiff's amended motion to vacate the arbitration award, and because its brief in opposition to that motion included a footnote requesting confirmation of the award and entry of a money judgment. In support of this argument, Defendant cites Maidman v. O'Brien, 473 F. Supp. 25, 27 (S.D.N.Y. 1979), and Andrea Doreen, Ltd. v. Building Material LocalUnion 282, 250 F. Supp. 2d 107, 111 (E.D.N.Y. 2003), cases where, after certain claims in litigation were submitted to compulsory arbitration, the prevailing party either moved for the dismissal of, or for the entry of summary judgment on, the arbitrated claims. In each case, the district court treated the motion as implicitly seeking confirmation of the arbitration award pursuant to

2

9 U.S.C. § 9, such that only a very limited review of the award was required before granting the motion. Obviously, neither case stands for the proposition of law that is urged by Defendant (i.e., that a party's "active opposition" to a request to vacate an arbitration award is tantamount to an application to confirm the award).

A footnote in an opposing brief is not the functional equivalent of a motion. Indeed, our local rules prescribe that every motion raising a substantial issue of law—for example, the right to confirmation of an arbitration award—must be supported by a paginated brief that is filed and served contemporaneously with the motion. See NECivR 7.1(a)(1)(A). Additionally, where a motion requires the court to consider any factual matters not established in the pleadings, evidentiary materials must be filed or already on file, and the brief must cite to the evidence that is being relied upon. See NECivR 7.1(a)(2)(A). As discussed above, one of the factual matters that must be established before confirmation of an award under Section 9 of the FAA is an agreement by the parties for the entry of a judgment on the award. See PVI, Inc. v. Ratiopharm GmbH, 135 F.3d 1252, 1253 (8th Cir. 1998) (confirmation under the FAA was unavailable where agreement did not provide for entry of judgment on arbitration award). Defendant's footnote did not refer the court to any evidence of such an agreement,[2] nor was any finding made on this factual issue.

In summary, I find that at no time prior to the court's entry of judgment dismissing this action with prejudice did Defendant "apply" for an order within the

---

[2] I note, however, that Defendant did place in evidence a portion of the NASD Code, including Rule 10330(a), which provides, in part, that "awards may be entered as a judgment in any court of competent jurisdiction." (Filing 45-6 (Exhibit D) at 2.) I also note that Rule 10330(h) of the NASD Code provides that "[a]n award shall bear interest from the date of the award" and that "[i]nterest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s)." (Id.) Defendant's footnote, while requesting that "accrued and accruing interest" also be awarded, made no reference to this provision and proposed no applicable interest rate(s) for the court's consideration.

meaning of 9 U.S.C. § 9.³  Because no cross-motion was filed by Defendant, the matter was submitted to the court strictly for determination of Plaintiff's amended motion to vacate the arbitration award, as provided in the court's scheduling orders (filings 32 and 35).⁴  Consequently, the judgment is not manifestly in error and is not open to amendment under Rule 59(e).

Although Defendant's motion also requests confirmation of the award under 9 U.S.C. § 9, it would be problematic to consider the request in connection with this dismissed action.  Plaintiff filed a notice appeal of appeal on January 9, 2006, that will become effective immediately upon the filing of the present memorandum and order.  See Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of . . . [a Rule 59(e) motion]—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").  As a result, this court will be divested of jurisdiction over the case, either in whole or in part.  See Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (filing of a notice

---

³ This holding means that Defendant did not apply for an order "within one year after the award [was] made." See 9 U.S.C. § 9.  In this circuit, however, the one-year period is not a statute of limitations.  See Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe, 146 F.3d 573, 581 (8th Cir. 1998) (§ 9 is a permissive statute and does not require that a party file for confirmation within one year).

⁴ Thus, for example, the court ordered on August 30, 2005, that "Plaintiff's amended motion to vacate arbitration award (filing 19) shall be ripe for decision on December 1, 2005." (Filing 35, ¶ 4.)  While the court might have considered on its own motion whether Defendant was entitled to the entry of judgment on the arbitration award, it would have been necessary to provide Plaintiff with advance notice and an opportunity to present evidence.  See Advantage Consulting Group, Ltd. v. ADT Sec. Systems, Inc., 306 F.3d 582, 588 (8th Cir. 2002) ("A court has inherent power to grant dispositive motions sua sponte so long as the losing party was on notice that she had to come forward with all of her evidence.").  That Plaintiff's reply brief contained no response to Defendant's footnote request for confirmation of the arbitration award is inconsequential.

of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal). Even if this court might retain jurisdiction over the "Section 9" portion of Defendant's motion, the general rule is that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." Id. (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (19892)). I therefore will deny the request for confirmation of the award without prejudice to Defendant refiling a motion under Section 9 of the FAA in a separate action[5] and serving notice on Plaintiff as required by the statute.

Accordingly,

IT IS ORDERED that:

1. Defendant's motion to alter or amend judgment is (filing 49) is denied without prejudice to Defendant refiling a motion under 9 U.S.C. § 9 for confirmation of the arbitration award in a separate action.

2. Plaintiff's "opposition" (filing 51) is hereby stricken.

January 12, 2006.     BY THE COURT:

                      s/ *Richard G. Kopf*
                      United States District Judge

---

[5] Assuming that the motion is refiled in this court, Defendant's counsel shall notify the clerk of the court that the filing is related to the present case. See NEGenR 1.4(a)(4)(A).

5